UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>             Plaintiff<br><br>v.<br><br>JAMAL & KAMAL, INC.<br>D/B/A INTERNATIONAL HOUSE OF PANCAKES,<br>             Defendant. | CIVIL ACTION NO.<br>05-2667<br><br>COMPLAINT<br>SECT. I MAG. 4<br><br>JURY TRIAL DEMAND |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2005 JUN 29 AM 9:32
LORETTA G. WHYTE
CLERK

## NATURE OF THE ACTION

This action is brought under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Christina Chapman ("Chapman"), Kenisha Tully ("Tully") and other similarly situated females who were adversely affected by such practices. The Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Chapman and Tully, both females, and other females were subjected to sexual harassment and a hostile work environment because of their gender by Defendant Jamal & Kamal, Inc. d/b/a International House of Pancakes ("Defendant", "Employer" or "Defendant Employer"). The allegations are more particularly stated in paragraph 7 below.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Fee_USA_
✓ Process_____
X Dktd_____
___ CtRmDep_____
___ Doc. No_____

1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The employment practices alleged to be unlawful were at all material times committed within the jurisdiction of the United States District Court for the Eastern District of Louisiana.

## PARTIES

3.     The EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times Defendant, a Texas-based corporation, has been doing business continuously in the State of Louisiana, within the jurisdiction of this Court, through its International House of Pancakes ("IHOP") franchised restaurants, and continuously has had at least 15 employees.

5.     At all relevant times Defendant continuously has been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit Chapman and Tully filed charges with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     During 2004 Defendant engaged in unlawful employment practices at its Covington, Louisiana IHOP restaurant through one of its managers, in violation of Section

2

703(a) of Title VII, 42 U.S.C. § 2000e-2(a).  These practices, including unwelcome and offensive sexual overtures, the initiation of graphic, sexually-oriented conversations, and touching and rubbing, constituted sexual harassment of Chapman, Tully and similarly-situated females and the creation of a sexually hostile work environment perpetrated by one of Defendant's managers against Chapman, Tully and similarly-situated females in violation of Title VII, 42 U.S.C. § 2000e-2(a).  Moreover, these practices were compounded by frequent manifestations of offensive, humiliating, gender-based hostility that were perpetrated by the same manager and directed toward Chapman, Tully and other similarly-situated females.  These hostile manifestations included repeated references in front of other restaurant employees and patrons about Chapman's and Tully's breasts and derogatory references about them and other IHOP waitresses as "freaks" (a contemporary, derogatory slang term meaning a female who will do anything sexually) and "whores."  Defendant knew or should have known about the sexual harassment and gender-based hostile work environment, but it failed to take prompt, corrective or remedial action.  Accordingly, Defendant is liable for the sexual harassment and gender-based hostile work environment perpetrated by its manager in violation of Title VII.

8.     The effect of the practices complained of in paragraph 7 above has been to deprive Chapman, Tully and similarly-situated females of equal employment opportunities, alter their conditions of employment and otherwise adversely affect their status as employees because of their gender, in violation of Section703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

9.     The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done and/or allowed to be done with malice or reckless indifference to the federally protected rights of Chapman, Tully, and any other similarly-situated females.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, managers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, the perpetration of a gender-based hostile work environment and any other employment practices which discriminate on the basis of sex in violation of Title VII.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which are designed 1) to prevent and correct sexual harassment and gender-based hostile work environments in its restaurants, and 2) which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Christina Chapman, Kenisha Tully, and similarly-situated females by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraph 7 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

D. Order Defendant Employer to pay Christina Chapman, Kenisha Tully, and similarly-situated females punitive damages for its malicious and reckless conduct, as described in paragraph 7 above, in amounts to be determined at trial.

E.	Grant such further relief as the Court deems necessary and proper in the public interest.

F.	Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

ERIC S. DREIBAND
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
KEITH T. HILL
Regional Attorney

_____
MICHELLE T. BUTLER
Supervisory Trial Attorney
Bar Roll No. 1286

_____
N. ELEANOR GRAHAM, T.A.
Senior Trial Attorney
Bar Roll Number 16946

_____
LILLIAN THORNTON
Bar Roll Number 25525
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New Orleans District Office
701 Loyola Avenue, Suite 600
New Orleans, Louisiana 70113
Telephone:	(504) 589-6922
	(504) 589-2701
Facsimile:	(504) 589-2805

5

AGENT FOR SERVICE OF PROCESS:

Kamal Sbih
325 Highway 190
Covington, La 70435