UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EQUAL EMPLOYMENT OPPORTUNITY                    CIVIL ACTION
COMMISSION

versus                                          No.   05-2667

JAMAL & KAMAL INC. D/B/A                        SECTION: I/4
INTERNATIONAL HOUSE OF PANCAKES

<u>ORDER AND REASONS</u>

Before the Court is a motion, filed on behalf of defendant, Jamal & Kamal, Inc d/b/a International House of Pancakes ("IHOP"), to dismiss the complaint of plaintiff, Equal Employment Opportunity Commission ("EEOC"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]   Alternatively, IHOP seeks a more definite statement pursuant to Rule 12(e) should the Court determine that the EEOC has stated a claim.   For the following reasons, defendant's motion is **DENIED.**

*Background*

On June 29, 2005, the EEOC filed its complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e,

---

[1] Rec. Doc. No. 4.

against IHOP on behalf of two waitresses, Christina Chapman ("Chapman") and Kenisha Tully ("Tully"), and other similarly situated females, alleging that Chapman, Tully, and others were subjected to a hostile work environment as a result of sexual harassment by an IHOP restaurant manager.[2]

### Law and Analysis

I.   *Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)*

A district court cannot dismiss a complaint for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing a claim, a court must accept all well-pleaded facts in the pleading as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *See Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). "However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere

---

[2] Rec. Doc. No. 1.

-2-

conclusory allegations. . . .'" *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992)(quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989))(alteration in original). "'[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Id.* (quoting *Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). Moreover, "'legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Blackburn*, 42 F.3d at 931 (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)(internal quotation and citation omitted).

II. *EEOC's Hostile Work Environment Claim*

The EEOC seeks to hold IHOP vicariously liable for sexual harassment directed toward Chapman, Tully, and other similarly situated females by an unidentified IHOP manager.[3] The threshold issue presented by IHOP's motion is whether the EEOC failed to

---

[3] The EEOC's complaint does not identify the alleged harasser-manager; however, the EEOC's preliminary witness list for initial disclosure, which IHOP included with its reply memorandum, identifies him as Jose Leon, a former IHOP shift manager.

sufficiently allege detailed factual allegations supporting its claim of severe or pervasive harassment which altered the employees' conditions of employment and created an abusive working atmosphere.

In order to establish a prima facie case of sexual harassment by a supervisor, plaintiff must show, *inter alia*, that employees were subjected to severe and pervasive harassment by a supervisor based on their sex.[4]  *See Wyatt v. Hunt Plywood Co., Inc.*, 497 F.3d 405, 409-10 (5th Cir. 2002).  Once the plaintiff establishes that the supervisor's conduct was severe and pervasive, the employer can escape liability by establishing that "(1) it exercised reasonable care to prevent and promptly remedy the harassment, *and* (2) the complaining employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer."  *Id.* (emphasis in original).

In support of its contention that plaintiff's allegations of harassment are vague and conclusory, IHOP cites numerous summary judgment cases in which the courts analyzed whether factual allegations and evidence were sufficient to create a prima facie hostile work environment claim.  *See, e.g.*, *Hyde v. Graebel/New*

---

[4] Plaintiff does not state a *quid pro quo* sexual harassment claim in that the complaining employees do not allege that they suffered a "tangible employment action" and, therefore, the Court proceeds with a hostile work environment analysis.  *See Casiano v. AT&T Corp.*, 213 F.3d 278, 283-84 & 288, appendix (5th Cir. 2000)(discussing and diagramming the *Ellerth/Faragher* "road map" for sexual harassment cases).

-4-

*Orleans Movers, Inc.*, No. Civ. A. 98-3126, 1999 WL 335385 (E.D. La. May 25, 1999); *Hartfield v. Pizza Inn, Inc.*, No. Civ. A. 02-0097, 2002 WL 31056595, *3 (E.D. La. Sept. 13, 2002)(recognizing that "what makes up a claim for a sexually hostile work environment is a fact-sensitive determination"); *Harris v. City of Carrollton*, No. Civ. A. 301CV1249M, 2002 WL 31697726 (N.D. Tex. Nov. 27, 2002). IHOP suggests that plaintiff's allegations are classic "buzz-word" allegations which are insufficient as a matter of law. Finally, IHOP also contends that because vicarious liability only attaches where the hostile work environment is created by a supervisor with immediate or higher authority over the complaining employee, plaintiff's allegations that a "manager" harassed Chapman and Tully, without further alleging that the manager had authority, are deficient.

Regardless of the ultimate factual merits of the EEOC's complaint, IHOP's argument is unavailing on a motion to dismiss. The EEOC has pleaded in its complaint sufficiently detailed factual allegations supporting its claim that IHOP is vicariously liable for the actions of one of its manager. The EEOC's burden on a motion to dismiss is to sufficiently plead a Title VII-based hostile work environment claim. Whether the evidence ultimately bears out defendant's contention that plaintiff has failed to establish a prima facie hostile work environment claim is not before the Court.

The EEOC alleges that during 2004, at an IHOP restaurant in Covington, Louisiana, one of IHOP's managers engaged in unlawful employment practices.[5]  Specifically, the EEOC alleges that the manager engaged in the following practices which amount to hostile work environment sexual harassment:  unwelcome and offensive sexual overtures, the initiation of graphic, sexually-oriented conversations, and touching and rubbing.[6]  The complaint indicates that "these practices were compounded by frequent manifestations of offensive, humiliating, gender-based hostility that were perpetuated by the same manager and directed toward Chapman, Tully and other[s]."[7]  The EEOC's complaint also states that the manager made "repeated references in front of other restaurant employees and patrons about Chapman's and Tully's breasts" and repeated referred to them as "freaks," a contemporary, sexual slang term, and "whores."[8]

Taking these allegations as true, this Court cannot conclude that it appears beyond doubt that the EEOC could not prevail on its claim.  The EEOC has adequately pleaded facts that, if true, would support its claim that at least two IHOP employees were subjected to a sexually hostile work environment.  The complaint

---

[5] Rec. Doc. No. 1.

[6] Rec. Doc. No. 1.

[7] Rec. Doc. No. 1.

[8] Rec. Doc. No. 1.

further alleges that IHOP knew or should have known about the harassment, and that it failed to take prompt, remedial action against its manager's actions.[9]

The Fifth Circuit has noted that "[a]n employer is subject to vicarious liability [] for an actionable hostile work environment created by a supervisor with immediate (or successively higher) authority over the employee." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 383 (5th Cir. 2003). The complaint clearly identifies the victims as waitresses and the harasser as a manager. While the complaint does not explicitly indicate that the manager had authority to change the terms and conditions of Chapman's or Tully's employment, an inference may be drawn that the manager, if not an immediate supervisor, had successively higher authority over these employees.

Based on the foregoing, the Court finds that plaintiff's complaint contains more than conclusory allegations and "buzz-words" in support of plaintiff's hostile work environment claim. The allegations are sufficient to state such a claim.

III.   *Rule 12(e) Request for a More Definite Statement*

In the alternative, IHOP has filed a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) provides:

If a pleading to which a responsive pleading is permitted

---

[9] Rec. Doc. No. 1.

is so vague or ambiguous that a party cannot reasonably
be required to frame a responsive pleading, the party may
move for a more definite statement before interposing a
responsive pleading.  The motion shall point out the
defects complained of and the details desired.  If the
motion is granted and the order of the court is not
obeyed within 10 days after notice of the order or within
such other time as the court may fix, the court may
strike the pleading to which the motion was directed or
make such order as it deems just.

"[A Rule] 12(e) motion for a more definite statement is
disfavored.  It is universally deemed appropriate only when the
pleading addressed is so vague it cannot be responded to."
*Prudhomme v. Proctor & Gamble Co.,* 800 F. Supp. 390, 396 (E.D.
La. 1992)(citations omitted).  Moreover, the Fifth Circuit has
cautioned:

> In view of the great liberality of F.R.Civ.P. 8,
> permitting notice pleading, it is clearly the policy of
> the Rules that Rule 12(e) should not be used to frustrate
> this policy by lightly requiring a plaintiff to amend his
> complaint which under Rule 8 is sufficient to withstand
> a motion to dismiss.  It is to be noted that a motion for
> more definite statement is not to be used to assist in
> getting facts in preparation for trial as such. Other
> rules relating to discovery, interrogatories and the like
> exist for this purpose.

*Mitchell*, 269 F.2d at 132.

The Court finds that ordering a more definite statement from
the EEOC is inappropriate.  The EEOC's complaint complies with
the simple notice pleading requirements of Rule 8.  *See*
*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 51-14, 122 S. Ct. 992,
998-99, 152 L. Ed. 2d 1 (2002).  Specifically, the complaint
gives IHOP fair notice of the basis for the EEOC's claims, and it

-8-

adequately provides the details of the allegedly harassing conduct.

Moreover, in *Swierkiewicz v. Sorema N.A.*, the United States Supreme Court emphasized that under a notice pleading system, "it is not appropriate to require a plaintiff to plead facts establishing a prima facie case . . . ."  534 U.S. at 511, 122 S. Ct. at 997.  IHOP's memorandum in support of its motion to dismiss and its reply memorandum demonstrate that the EEOC's pleadings are not so vague or ambiguous that it is unable to frame a responsive pleading.  Accordingly,

For the above and foregoing reasons, **IT IS ORDERED** that the motion, filed on behalf of defendant, Jamal & Kamal Inc. d/b/a International House of Pancakes, to dismiss the complaint filed on behalf of plaintiff, Equal Employment Opportunity Commission, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's motion for a more definite statement pursuant to Rule 12(e) is **DENIED.**

New Orleans, Louisiana, February __7th__, 2006.


                                    LANCE M. AFRICK
                         UNITED STATES DISTRICT JUDGE

-9-