UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CIVIL ACTION |
| VERSUS | NO:     05-2667 |
| JAMAL & KAMAL, INC. | SECTION: "I" (4) |

## ORDER

Before the Court is **IHOP's Motion to Compel (doc. # 32)** filed by the defendant, Jamal & Kamal, Inc., d/b/a International House of Pancakes, ("IHOP") seeking an order from this Court compelling the production of an unsigned affidavit of Amanda Riviere. The Equal Employment Opportunity Commission ("EEOC") filed a timely opposition memorandum.

## I.     Factual and Procedural Background

The EEOC filed this action on behalf of two waitresses, Christina Chapman and Kenisha Tully, and other similarly situated females, against IHOP for violations of Title VII. Specifically, the EEOC alleged that IHOP, through one of its managers created a sexually hostile work environment, by the manager engaging in unwelcome and offensive sexual overtures, initiation of graphic, sexually-oriented conversations, and touching and rubbing. The complaint further alleges that the manager made repeated sexual references in front of other employees and patrons about Chapman and Tully. IHOP answered, denying liability.

In its initial disclosures sent on November 21, 2005, the EEOC provided a log of administrative charge file documents that it contended were excepted from disclosure because of privilege. It indicated that a typed draft of an affidavit of a witness, Amanda Riviere, was prepared based on a personal interview with a senior trial attorney, N. Eleanor Graham. (*See* Def. Ex. 1 at 4). The log claimed the information was attorney work product.

On March 20, 2006, IHOP propounded its first request for production on the EEOC. Relevant to this motion, request for production number 3 sought "[a]ny and all drafts, unsigned or executed witness affidavits, or statements prepared and/or obtained by you or anyone acting on your behalf in this case." (*See* Def. Ex. 2 at 9). The EEOC responded by stating that it:

> objects to this request to the extent it seeks information or documentation that is privileged by virtue of the attorney or investigator work product doctrine, attorney client privilege, governmental deliberative process privilege, and/or because the information or documentation was prepared in anticipation of litigation and /or provided by a witness on the condition of privacy.

(*See* Def. Ex. 15 at 3). The EEOC then provided several signed affidavits but did not provide the unsigned affidavit it prepared for Amanda Riviere. Letters were exchanged between IHOP and the EEOC about the Riviere affdavit, however, the EEOC maintained its position and continued to contend that the unsigned affidavit was work product.[1] IHOP then filed the subject motion to compel the production of the draft affidavit.

## II. Standard of Review

Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party." The discovery rules are accorded a broad and liberal treatment to effect their purpose of adequately

---

[1] The EEOC does not address the other objections raised in its original response to IHOP's discovery. Accordingly the Court considers those objections waived.

informing litigants in civil trials. *Hebert v Lando,* 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), and "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Rule 26(b)(3) of the Federal Rules of Civil Procedure governs the disclosure of documents prepared in anticipation of litigation and provides:

> a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

FED. R. CIV. P. 26(b)(3).  The work-product doctrine shields from discovery the materials prepared by or for an attorney in preparation of litigation.  *Hickman v. Taylor,* 329 U.S. 495 (1947); *Blockbuster Entertainment Corp. v. McComb Video, Inc.,* 145 F.R.D. 402, 403 (M.D. La.1992). However, as the Rule provides, the work privilege is not limited to materials prepared by attorneys. It also affords protection to materials prepared by a "consultant, surety, indemnitor, insurer, or agent."  FED. R. CIV. P. 26(b)(3).

The doctrine is not an umbrella that shades all materials prepared by a lawyer, or agent of the client.  It focuses only on materials assembled and brought into being in anticipation of litigation. *Piatkowski v. Abdon Callais Offshore, L.L.C.,* 2000 WL 1145825, at *2 (E.D. La. Aug. 11, 2000).

Excluded from the work-product doctrine are materials assembled in the ordinary course of business. *United States v. El Paso Co.,* 682 F.2d 530 (5 th Cir.1982). It also does not extend to the underlying facts relevant to the litigation. *See generally Upjohn*, 449 U.S. at 395-96.

Additionally, even if the document comes within the scope of the rule, 'the protection afforded is conditional and may be set aside if the discovering party demonstrates a sufficiently pressing need for the data." *In re Kidder Peabody Sec. Litig.,* 168 F.R.D. 459, 462 (S.D. N.Y. 1996).

**III.    Analysis**

IHOP contends that the unsigned affidavit is not work product because it was not prepared in anticipation of litigation. It contends that during the initial investigation the role of the EEOC is that of a neutral third party. It notes that the interview of Riviere occurred in early November, 2004, and that reasonable cause determinations for Chapman and Tully were not issued by the EEOC until February 17, 2005. It also notes that initial conciliation efforts occurred between February and April of 2005 and that the EEOC is statutorily prohibited from instituting litigation until after the conciliation failure. Thus, IHOP contends that the affidavit was drafted prior to the commencement of litigation and therefore could not be work product. It further contends that if the affidavit is similar to the other affidavits already produced, it is factual in nature and therefore not covered by the work product doctrine.

IHOP also contends that even if the Court concludes that the document itself is work product, it has substantial need for the document because while it could subpoena Riviere, it is not certain whether Riviere ever saw the draft affidavit or could remember her exact statements to Graham almost two years ago. Further, it could not fully explore why Riviere chose not to sign the affidavit without the affidavit. IHOP cites to two cases it contends support its position.

The EEOC contends that the affidavit was prepared in anticipation of litigation because Chapman and Tully's charges were identified as A1 priority charges with the greatest likelihood of litigation in September, 2004. The EEOC further contends that because the charges were identified as A1, Graham's participation in the case more than routine. The EEOC notes that Graham personally conducted the interview of Riviere with the EEOC investigator, Charlotte Hokkannen, present. The EEOC further notes that during the interview, Graham was the only person taking notes and that the affidavit that was prepared was based partly on her notes, partly on her memory, and partly on her impressions of what Riviere represented during the interview.

The EEOC contends that because the affidavit remains unexecuted and embodies the recollections and impressions of EEOC trial counsel, the Court should not order production. Further, the EEOC contends that the two cases cited by IHOP are distinguishable from the this case.

The Court notes that the burden is on the party seeking to protect the document to show that the work product doctrine is applicable. The Court also notes that "[a] document can receive work product protection, even if it was prepared before the initiation of any litigation." *In Re Atlantic Fin. Mgmt Sec. Litig.*, 121 F.R.D. 141, 144 (D. Mass. 1988). However, work product protection only applies to memoranda prepared in anticipation of litigation which "sets forth the attorney's theory of the case and [their] litigation strategy." *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.*, 421 U.S. 132, 154 (1975).

During the hearing the Court questioned counsel for the EEOC whether the affidavit in question contained her theory of the case. Counsel informed the Court that the does not detail her theory of the case but instead that she prepared the affidavit for the witness's signature based partly

on her best recollection of the witness's testimony and partly on her notes.[2]

The Court concluded that an attorney's memorialization of events, effectively acting as a stenographer, does not fall within the sphere of documentation protected by the work product privilege. Thus, the EEOC must produce the document.

Accordingly,

**IT IS ORDERED THAT IHOP's Motion to Compel (doc. # 32) is GRANTED**.

New Orleans, Louisiana, this __18th__ day of September 2006.

*[signature]*

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] IHOP does not seek production of the interview notes.